UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JENNIFER BERMAN, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

CAREGIVERS OF AMERICA, INC., a
Florida Corporation, TAMMELA A. DI LEO,
individually, and MAX DI LEO, individually,

    Defendants.
_____/

## COMPLAINT UNDER 29 U.S.C. §§ 201-216
## MINIMUM AND OVERTIME WAGE VIOLATIONS

Plaintiff, JENNIFER BERMAN ("Berman"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, files this Complaint against Defendants, CAREGIVERS OF AMERICA, INC. ("CGA"), TAMMELA A. DI LEO ("T. Di Leo") and MAX DI LEO ("M. Di Leo") (collectively, "Defendants") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.[1]

2. Berman brings this action on behalf of herself and all current and former employees of CGA similarly situated pursuant to 29 U.S.C. §216(b). Defendants owe Berman and all similarly situated employees (a) minimum wages for uncompensated work performed during mandatory "on-call" periods, and (b) properly calculated overtime compensation and liquidated damages.

3. Berman was a resident of Broward County, Florida at the time this dispute arose.

---

[1] Berman will be adding an additional minimum wage claim under the Florida Minimum Wage Act (Fla. Stat. § 448.110) upon satisfying the pertinent pre-suit requirements.

4. Venue is proper in Broward County, Florida because all of the actions which form the basis of this Complaint occurred within Broward County, Florida, including Defendants' failure to pay Berman overtime wages.

5. Berman seeks relief pursuant to the FLSA, in addition to attorneys' fees, costs and damages.

6. Berman has retained the undersigned law firm, and has agreed to pay the firm a reasonable fee for its services. Pursuant to 29 U.S.C. §216(b), Berman is entitled to recover her reasonable attorneys' fees and costs against Defendants.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

7. Berman realleges each and every allegation contained in Paragraphs 1 through 6 above.

8. 29 U.S.C. § 207(a)(1) states that, "[e]xcept as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Berman worked for Defendants as a non-exempt Patient Care Coordinator from April 2007 through May 9, 2018 (the date Berman was forced to resign due to CGA's unlawful wage practices).

10. CGA is a company which regularly transacts business within Broward County, Florida. CGA was Berman's employer (as the term is defined by the FLSA) from April 2007

through May 9, 2018 which includes the time period relevant under the applicable statute of limitations.

11. T. Di Leo and M. Di Leo (the individual Defendants) are owners, corporate officers, directors and/or managers of CGA who ran the day-to-day operations of the company throughout Berman's employment.

12. T. Di Leo and M. Di Leo were responsible for paying Berman's wages throughout the applicable look-back period and controlled Berman's work and schedule. Therefore, each was Berman's employer as defined by 29 U.S.C. § 203(d).

13. Defendants' business activities involve those to which the FLSA applies. Defendants' business, and Berman's work on behalf of Defendants, directly affected interstate commerce throughout the applicable look-back period. Berman's work for Defendants affected interstate commerce during the applicable look-back time period insofar as the materials and equipment which Berman used on a constant and/or continual basis, and/or which were supplied to her by Defendants for purposes of her job, moved through interstate commerce prior to and/or subsequent to Berman's use of same. Berman's work for Defendants was actually in, and/or closely related to, the movement of commerce while she worked for Defendants. Therefore, the FLSA fully applies to Berman's work for Defendants.

14. Additionally, Defendants regularly employed two or more employees during the applicable look-back period, all of whom handled goods or materials which traveled through interstate commerce, or used instrumentalities of interstate commerce. Thus, Defendants' business is an enterprise covered under the FLSA.

15. Upon information and belief, CGA had annual gross sales or business done in excess of $500,000.00 for the years 2016, 2017 and 2018.

16. Upon information and belief, CGA's gross sales or business done is expected to exceed $500,000.00 for the year 2019.

17. During the applicable look-back period, Berman worked an average of about 47 hours per week and was paid an average of about $15.95 per hour. Berman, however, was never paid properly for the hours worked over forty in a single workweek as required by the FLSA.

18. Defendants willfully refused to pay Berman the overtime wages owed to her by claiming, falsely, that she was paid properly pursuant to a fluctuating workweek method.

19. However, Defendants' fluctuating workweek method was improper because Berman did not possess a clear understanding of CGA's payment/overtime policies, her compensation frequently fluctuated, she was essentially paid an hourly rate as opposed to a fixed salary, she was subjected to numerous reductions to her pay, and she was not paid at the mandated premium rate for every hour worked over forty in a single workweek.

20. As a result of Defendants' reliance upon an improper fluctuating workweek method, Berman never received the overtime wages due to her for all the hours worked over forty in a single workweek as required by the FLSA.

21. Defendants also failed to pay Berman all wages owed to her during mandatory "on-call" periods which averaged between two and three per month.

22. On more than one occasion, Berman advised T. Di Leo that CGA's compensation methods were improper and that she was entitled to overtime pay.

23. Berman's requests for overtime pay were rejected.

24. Berman, therefore, claims the half-time overtime rate for each hour worked over 40 in a single workweek.

25. Defendants willfully and intentionally refused to pay Berman's overtime wages as

required by the FLSA as Defendants knew of the overtime requirements of the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA. Defendants owe Berman these wages for the applicable look-back period.

26. By reason of the intentional, willful and unlawful acts of Defendants, Berman has suffered damages, including liquidated damages, and will continue to incur costs, expenses, and attorneys' fees.

WHEREFORE, Plaintiff, JENNIFER BERMAN demands judgment against Defendants, Caregivers of America, Inc., TAMMELA A. DI LEO, and MAX DI LEO for the wages due to her for all overtime hours which she worked, but was not properly compensated, liquidated damages, reasonable attorneys' fees and costs, and any such other and further relief as this Court deems just and proper, including pre-judgment interest.

## COUNT II
## FEDERAL MINIMUM WAGE VIOLATION

27. Berman realleges each and every allegation contained in Paragraphs 1 through 16, and 21 through 23 above.

28. 29 U.S.C. § 206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage of at least $7.25 per hour.

29. When Berman performed services on behalf of Defendants during mandatory "on-call" periods (which averaged between two and three per month), Berman worked hours and/or parts thereof for which she was not paid the full statutory minimum wage in violation of 29 U.S.C § 206.

30. Defendants willfully and intentionally refused to pay Berman's minimum wages as required by the FLSA as Defendants knew of the minimum wage requirements of the FLSA and

recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA.  Defendants owe Berman these wages for the applicable look-back period.

31. By reason of the intentional, willful and unlawful acts of Defendants, Berman has suffered damages, including liquidated damages, and will continue to incur costs and attorneys' fees.

WHEREFORE, Plaintiff, JENNIFER BERMAN demands judgment against Defendants, Caregivers of America, Inc., TAMMELA A. DI LEO, and MAX DI LEO for the wages due to her for unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and any such other and further relief as this Court deems just and proper, including pre-judgment interest.

*Plaintiff requests a trial by jury*.

Dated: May 20, 2019

Respectfully submitted,

**GREENSPOON MARDER LLP**
*Attorneys for Plaintiff*
200 East Broward Boulevard
Suite 1800
Fort Lauderdale, FL  33301
Phone: (954) 491-1120
Fax:    (954) 267-8027
mitchell.adler@gmlaw.com
alex.leiva@gmlaw.com


BY: s/  Peter R. Siegel
**PETER R. SIEGEL**
Florida Bar # 988634
**ALEJANDRO I. LEIVA**
Florida Bar #118309